

Search for Cases by: Select Search Method...  ▼

Judicial Links  |  eFiling  |  Help  |  Contact Us  |  Print        Logon

## 1922-CC10802 - JILL BROWNING V APEX PHYSICAL THERAPY LLC ET AL (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

**Sort Date Entries:** ◉ Descending ○ Ascending      **Display Options:** All Entries ▼

---

**08/19/2019**      **Alias Summons Issued**
Document ID: 19-SMCC-19438, for PFITZNER, BRADLEY R..

**08/14/2019**      **Summons Returned Non-Est**
Document ID - 19-SMCC-14100; Served To - PFITZNER, BRADLEY R.; Server - ; Served Date - 08-AUG-19; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Non-est; Service Text - no service

**Request Filed**
Request for Appointment of Process Server.
     **Filed By:** JAMES E BEAL
     **On Behalf Of:** JILL BROWNING

**Memorandum Filed**
Request for Alias Summons.
     **Filed By:** JAMES E BEAL

**Affidavit Filed**
Return of Non-Service regarding Bradley R Pfitzner.
     **Filed By:** JAMES E BEAL

**08/05/2019**      **Notice of Service**
Return of Service regarding Apex Physical Therapy, LLC.
     **Filed By:** JAMES E BEAL
     **On Behalf Of:** JILL BROWNING

**Family Member/Roommate Served**
Document ID - 19-SMCC-14099; Served To - APEX PHYSICAL THERAPY, LLC; Server - ; Served Date - 26-JUL-19; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served

**07/22/2019**      **Jury Trial Scheduled**
     **Scheduled For:** 01/06/2020; 9:00 AM ; REX M BURLISON; City of St. Louis

**07/08/2019**      **Summons Issued-Circuit**
Document ID: 19-SMCC-14100, for PFITZNER, BRADLEY R..

**Summons Issued-Circuit**
Document ID: 19-SMCC-14099, for APEX PHYSICAL THERAPY, LLC.

**07/05/2019**      **Filing Info Sheet eFiling**          EXHIBIT A
     **Filed By:** JAMES E BEAL

**Request Filed**

Request for Appointment of Process Server.

    **Filed By:** JAMES E BEAL

    **On Behalf Of:** JILL BROWNING

**Pet Filed in Circuit Ct**

Class Action Petition for Damages.

    **Filed By:** JAMES E BEAL

**Judge Assigned**

---



**Your Missouri Courts** .net

Search for Cases by: Select Search Method... ▼

Judicial Links | eFiling | Help | Contact Us | Print                                    Logon

1922-CC10802 - JILL BROWNING V APEX PHYSICAL THERAPY LLC ET AL (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

**BROWNING , JILL , Plaintiff**          represented by          **BEAL , JAMES E , Attorney for Plaintiff**

6705 PARKWOOD PLACE
ST. LOUIS, MO 63116

**Year of Birth:** 1980

120 SOUTH CENTRAL AVENUE
SUITE 160
CLAYTON, MO 63105
**Business:** (314) 725-7577

**APEX PHYSICAL THERAPY, LLC ,**
**Defendant**

STEVEN J ORAVEC, RAGT
884 WOODS MILL ROAD SUITE
200
BALLWIN, MO 63011

**PFITZNER , BRADLEY R. ,**
**Defendant**

932 BROOKHAVEN LANE
SUNRISE BEACH, MO 65079

Case.net Version 5.14.0.11          [Return to Top of Page](#)          Released 04/25/2019



Search for Cases by:  Select Search Method...  ▼

**Judicial Links**  |  **eFiling**  |  **Help**  |  **Contact Us**  |  **Print**                    **Logon**

1922-CC10802 - JILL BROWNING V APEX PHYSICAL THERAPY LLC ET AL (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |
|---|---|---|---|---|---|---|---|---|

This information is provided as a service and is not considered an official court record.

**Judge/Commissioner Assigned:** BURLISON, REX M

**Location:** City of St. Louis

**Disposition:** Not Disposed

**Date Filed:** 07/05/2019

**Case Type:** CC Other Tort

Track This Case

Case.net Version 5.14.0.11                    Return to Top of Page                    Released 04/25/2019

Electronically Filed - City of St. Louis - July 05, 2019 - 11:17 AM

**1922-CC10802**

IN THE CIRCUIT COURT FOR THE 22ND JUDICIAL CIRCUIT,
ST. LOUIS CITY, MISSOURI

| | | |
|---|---|---|
| JILL BROWNING, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Cause No.: |
| vs. | ) | |
| | ) | Division: |
| APEX PHYSICAL THERAPY, L.L.C., | ) | |
| **Serve Registered Agent:** | ) | |
| **Steven J. Oravec** | ) | |
| **884 Woods Mill Road, Suite 200** | ) | **JURY TRIAL DEMANDED** |
| **Ballwin, MO 63011** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Bradley R. Pfitzner, | ) | |
| **Serve at: 932 Brookhaven Lane** | ) | |
| **Sunrise Beach, MO 65079** | ) | |
| | ) | |
| Defendant. | ) | |

## CLASS ACTION PETITION FOR DAMAGES

Plaintiff, Jill Browning, on behalf of herself and all other similarly situated Missouri residents, alleges and avers the following for this class action against Defendant Apex Physical Therapy, L.L.C.

## INTRODUCTION AND BACKGROUND

1.    This action is brought by the Plaintiff on behalf of herself and all other similarly situated Missouri residents to remedy the unlawful billing practices of the Defendant Apex Physical Therapy L.L.C., hereinafter "Defendant."

2.    Defendant, as described in detail below, routinely subverts the financial interests of its patients for its own benefit and profit through unlawful and predatory billing practices.

3.    Defendant, through its employees, screens all new patients to determine if the reason for treatment is an occurrence (such an auto accident, or fall) that may trigger the

Page **1** of **12**

Electronically Filed - City of St. Louis - July 05, 2019 - 11:17 AM

patient's right to recovery from a third party for damages arising out of the occurrence in question, such as from a third-party liability insurer.

4.      Upon information and belief, if the patient is identified as one whose health expenses may be eligible for third-party recovery, Defendant refuses to submit that patient's therapy bills to the patient's health insurance even when Defendant is contractually obligated to submit the bills to the health insurer in question.

5.      In the meantime, while refusing to submit therapy bills to the patients' health insurance, Defendant routinely seeks payment for the bills directly from those same patients. Defendant does so in a variety of ways including placing a lien on recovery from a third-party liability carrier, demanding cash payments from the patient, turning the patients' accounts over to a collection arm or agency, and by reporting the patients to credit bureaus thereby impairing the patients' credit scores.

6.      Defendant pursues such course of conduct despite the patients' having health insurance and being contractually entitled to have their health care expenses from Defendant be submitted to their health insurance for payment and processing.

7.      Upon information and belief Defendant is required by its contracts with patients' health insurance companies to submit their patients' therapy bills directly to such companies, including the named Plaintiffs in this case.

8.      Upon information and belief, Defendant is contractually obligated to honor a contractual discount with their patients' health insurance companies, including the named Plaintiff in this case.

9.      Upon information and belief, Defendant is precluded by its contracts with private health insurance companies, such as named Plaintiff's health insurers at the relevant time, from

Electronically Filed - City of St. Louis - July 05, 2019 - 11:17 AM

seeking payment directly from the patient, turning the bills over to collections, or filing liens on the patients' personal injury case.

10.     Defendant fails to inform patients at the time of treatment that they will not honor the patient's health insurance if the case involves a motor vehicle accident.

11.     In fact, Defendant's employees and representatives routinely tell their patients that their therapy bills will be paid by the "responsible party," or a similar term, and not the patient herself, and then write or enter the name of that third-party liability carrier into relevant forms created and maintained by Defendant in the section called "primary insurance" or "responsible party" or similar.

12.     By employing such a policy and business model Defendant has unlawfully violated the rights of Plaintiff and the Class Members as described more particularly below.

13.     Further, such conduct of Defendant, and its agents for which it is responsible, is outrageous, intentional, willful, wanton, and malicious, and otherwise shows a complete indifference to or conscious disregard of the rights of Plaintiff and the Class members such that punitive damages are appropriate and warranted.

## JURISDICTION AND VENUE

14.     Jurisdiction is proper in this Court pursuant to RSMO 506.500 et seq.

15.     Venue is proper in this County pursuant to RSMO 508.010.

## PARTIES AND FACTS COMMON TO ALL COUNTS

16.     Jill Browning is a resident of St. Louis City, Missouri.  She sought treatment from Defendant at one of its facilities for injuries sustained in car accident that occurred on January 26, 2016 in St. Louis City.  She treated with Defendant between February 3, 2016 and March 7, 2016.  As a result of this treatment, Defendant billed her $5,381.00.

Electronically Filed - City of St. Louis - July 05, 2019 - 11:17 AM

17.     At the time Browning presented to Apex PT for treatment, she was insured by Coventry, and tendered this health insurance information to Defendant.  Defendant's employee falsely told Browning that it did not need her health insurance, because the "responsible party" would cover her bills.

18.     Defendant Apex PT is an Illinois Limited Liability Company with multiple treatment locations in the state of Missouri, including in St. Louis City.

19.     Upon information and belief Defendant has done business at certain relevant times under the fictitious name "Apex Physical Therapy Network."

20.     Defendant Bradley R. Pfitzner was, at all relevant times, CEO of Defendant Apex PT and has direct, personal knowledge of the facts at issue in this petition.

### ALLEGATIONS COMMON TO ALL COUNTS

21.     At the time of intake, Defendant's representatives asked Plaintiff if she had been involved in a car accident.  When she said yes, that representative then asked the Plaintiff if she knew the name of the liability insurer for the other driver involved in the MVA because this liability carrier, not Plaintiff's health insurer, would pay her physical therapy bills.

22.     Defendant never informed Plaintiff that it would actually seek payment directly from her by seeking to be paid for the charges mentioned above out of the Plaintiff's personal injury case or against Plaintiff personally.

23.     At no time did Defendant adequately explain to Plaintiff the impact on her of this business decision by Defendant.

24.     After Defendant made clear that it would seek payment directly form Plaintiff, Plaintiff made multiple requests that Defendant submit the bills to her health insurer, but Defendant refused to do so within a timely manner.

Electronically Filed - City of St. Louis - July 05, 2019 - 11:17 AM

25.     Upon information and belief, Defendant is required by its contracts with the named Plaintiff's health insurance company to submit her bills directly to such company for payment and processing.

26.     Defendant refused to submit the Plaintiff's bills as it was contractually obligated to do.

27.     Upon information and belief, Plaintiff was entitled to a contractual reduction in the amount of each of their bills from Defendant for therapy services she received, pursuant to her health insurer's agreement with Defendant.

28.     Upon information and belief, Defendant is obligated by the terms of its contract with Plaintiff's health insurer to submit a claim to that health insurer for reimbursement of charges incurred by way of delivering therapy services to Plaintiff when it became aware that Plaintiff was insured by an entity with which Defendant has a provider-insurer contract.

29.     By refusing to bill Plaintiff's health insurers Defendant has caused Plaintiff to incur a financial obligation she would otherwise not have had, and one she should not have as a result of the benefit derived from her health insurer at the relevant times.

30.     Upon information and belief, Defendant reported this delinquent account to the credit reporting bureaus and in so doing has harmed the Plaintiff's credit rating.

## CLASS ACTION ALLEGATIONS

31.     This action is brought as a plaintiff class pursuant to Missouri Rule of Civil Procedure 52.08.  Plaintiff brings this action on her own behalf and all others similarly situated, as representative of the following class:

> All Missouri residents who, since July 15, 2014 received any type of treatment or therapy from any entity located in Missouri that is owned or affiliated with Apex Physical Therapy L.L.C., while being covered by any valid health insurance plan, and whose

Electronically Filed - City of St. Louis - July 05, 2019 - 11:17 AM

health insurance claim resulting from that treatment was not submitted to their health insurer for payment and processing in a timely manner.

32.     The particular members of the class are capable of being described without difficult managerial or administrative problems.  In fact, the members of the Class are readily identifiable from the information and records in the possession and control of the Defendant because, upon information and belief, Defendant maintains an internal system to track which patients come to it for treatment based on occurrences which create the possibility that the patient will recover from a third-party.

33.     The Class consists of thousands of individual members and is, therefore, so numerous that individual joinder of all members is impractical.

34.     There are questions of law and fact common to the Class, which questions predominate over any questions affecting only individual members of the Class and, in fact, the wrongs suffered and remedies sought by Plaintiff and the other members of the Class are premised upon an unlawful scheme perpetuated uniformly upon all Class members.  The only material difference between the Class members' claims is the exact monetary amount to which each Class member is entitled.

35.     The principal common issues include, but are not limited to the following:

    a.     Whether Defendant entered into express and/or implied agreements with various health insurance carriers providing, among other things, that health insurance claims should be promptly submitted to the carriers for payment.

    b.     Whether Defendant violates its contract with various health insurance carriers by not submitting bills to the carrier, by turning patients' accounts over to collection, and/or by pursuing payment directly from the patients, whether by placing a lien on a personal injury case or otherwise;

    c.     Whether Defendant violates its contract with various health insurance carriers by not offering a contractually agreed discount to patients covered by the policies;

Electronically Filed - City of St. Louis - July 05, 2019 - 11:17 AM

d.   Whether Defendant unlawfully refused to submit the Plaintiffs' and the Class Members' bills to Plaintiffs' and Class Members' health insurance carriers for payment;

e.   Whether Defendant unlawfully represents to new patients that a third-party liability carrier will pay the patient's bills incurred for services the patient obtains from Defendant, without adequately explaining that, in fact, the Defendant will seek payment directly from the patient including but not limited to by seeking to collect directly from the patient's potential third-party recovery;

f.   Whether Defendant profited by refusing to submit its bills to the respective health insurance carriers for payment;

g.   Whether Defendant has been unjustly enriched at the Plaintiffs' and the Class Members' expense through the above described misconduct;

h.   Whether Defendant breached its duty of good faith and fair dealing to the Plaintiff and Class through the above described misconduct;

i.   Whether Defendant violated the Missouri Merchandising Practices Act through the above described misconduct;

j.   Whether Defendant has tortiously interfered with Plaintiff's and the Class members' express or implied contracts with their health insurance carriers;

k.   Whether Defendant should be enjoined from continuing its unfair, discriminatory, and abusive conduct;

36.   Plaintiff's claims are typical of those of the Class and are based on the same legal and factual theories.

37.   Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.  Plaintiff has no claims antagonistic to those of the Class.  Plaintiff has retained competent and experienced counsel in class actions.  Counsel is committed to the vigorous prosecution of this action.

38.   Certification of a plaintiff class is appropriate in that Plaintiff and the Class members seek monetary damages, common questions predominate over any individual questions, and a plaintiff class action is superior for the fair and efficient adjudication of this controversy.

Electronically Filed - City of St. Louis - July 05, 2019 - 11:17 AM

39.     A plaintiff class will cause an orderly and expeditious administration of the Class Members' claim and economies of time, effort and expense will be fostered and uniformity of decisions will be ensured.  Moreover, the individual class members are unlikely to be aware of their rights and are not in a position (either through experience or financially) to commence individual litigation against the likes of the Defendant.

40.     Alternatively, certification of a plaintiff class is appropriate in that inconsistent or varying adjudications with respect to individual members of the Class would establish incompatible standards of conduct for the Defendant or adjudications with respect to individual members of the Class as a practical matter would be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

41.     The Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or correspondence declaratory relief with respect to the Class as a whole.

## COUNT I
### (Violation of the Missouri Merchandising Practices Act)

42.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

43.     RSMO 407.020 prohibits the "use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce."

44.     An "unfair practice" is defined by Missouri law, 15 CSR 60-8.020, as any practice which:

(A) Either-

Electronically Filed - City of St. Louis - July 05, 2019 - 11:17 AM

1. Offends any public policy as it has been established by the Constitution, statutes or common law of this state, or by the Federal Trade Commission, or its interpretive decisions; or

2. Is unethical, oppressive or unscrupulous; and

(B) Presents a risk of, or causes, substantial injury to consumers.

45. An "unfair practice" is further defined by Missouri law, 15 CSR 60-8.040, accordingly:

(1) It is an unfair practice for any person in connection with the advertisement or sale of merchandise to violate the duty of good faith in solicitation, negotiation and performance, or in any manner fail to act in good faith.

46. "Merchandise" is defined by the MPA, at RSMO 407.010(4) to include the providing of "services" and, therefore, encompasses the providing of physical therapy services and billing for same.

47. "Person" is defined by the MPA, at RSMO 407.010(5), to include and "for-profit or not-for-profit corporation … company … business entity or association, and any agent, employee, salesman, partner, officer, director, member, stockholder associate, trustee or cestui que trust thereof."

48. The above described billing practices and related misconduct of Defendant violates the Missouri Merchandising Practices Act by, among other things, constituting an unfair practice and breach of the duty of good faith as required under the Act.

## COUNT II
### (Tortious Interference with Contract/Business Relationship)

49. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

50. Plaintiff and the Class Members enjoyed a valid business relationship with their own health insurance providers by virtue of an express or implied contract that Plaintiff and each individual Class Member had with their health insurance carrier.

Electronically Filed - City of St. Louis - July 05, 2019 - 11:17 AM

51.    Defendant was informed and had actual knowledge of the above described business relationship involving Plaintiff, the Class Members, and various health insurance carriers.

52.    Defendant intentionally interfered and prevented Plaintiff and the Class from receiving the benefit of their contractual business relationship.  Defendant did so without justification in a malicious attempt to procure additional monies that it was not entitled to in reckless disregard for the damage and harm such action would have on Plaintiff and the Class.

53.    As a result of Defendant's misconduct of intentionally interfering with Plaintiff's and the Class members' business relationships, Plaintiff and the Class have suffered actual damages.

## COUNT III
### (Unjust Enrichment)

54.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

55.    As alleged above, Defendant has engaged in a pattern of subverting the financial interests and contractual agreements of Plaintiff and the Class – patients of its physical therapy practice – for its own pecuniary gain.

56.     Defendant has been unjustly enriched in that it received and retained benefits of proceeds to which it was not entitled to and received in violation of Missouri law.

57.    These benefits were unlawfully obtained to the detriment of Plaintiff and the Class members.

58.    Allowing Defendant to retain the aforementioned benefits violates fundamental principles of justice, equity, and good conscience.

Electronically Filed - City of St. Louis - July 05, 2019 - 11:17 AM

## PRAYER FOR DAMAGES AND RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all members of the Class respectfully pray for judgment against the Defendant as follows:

a)      For an order certifying that this action may be maintained as a class action and appointing Plaintiff and their counsel, to represent the Class;

b)      For a declaration that Defendant's actions violated the Plaintiff's and the Class members' rights under Missouri law as plead in Counts I through III;

c)      For all actual damages, statutory damages, penalties, and remedies available for the Defendant's violations of Plaintiff's and the Class member's rights under Missouri law;

d)      For a declaration that Defendant, through its actions and misconduct as alleged above, has been unjustly enriched and an order that Defendant disgorge any unlawfully gained proceeds;

e)      For pre-judgment interest as provided by law;

f)      For post-judgment interest as provided by law;

g)      For a permanent injunction enjoining Defendant from engaging in the unlawful billing practices as enumerated above;

h)      For a reasonable incentive fee to named Plaintiff for her time and effort in bringing this action;

i)      For an award to Plaintiff and the Class their reasonable attorneys' fees;

j)      For an award to Plaintiff and the Class of their costs and expenses of this action;

k)      For such other and further relief as the Court may deem necessary and proper.

Respectfully submitted,

By:     /s/ James E. Beal
        Rogers Sevastianos & Bante LLP
        Noel A. Sevastianos, #45970
        James E. Beal, #58514
        120 South Central Avenue, Suite 160
        St. Louis, MO  63105-1705
        (314) 725-7577 (Phone)
        (314) 354-8271 (Fax)
        noel@rsblawfirm.com (email)
        jbeal@rsblawfirm.com (email)

Electronically Filed - City of St. Louis - July 05, 2019 - 11:17 AM

Page Law
J. Brad Wilmoth, #56922
9930 Watson Road, Suite 100
St. Louis, MO 63126
(314) 835-5817 (phone)
(314) 835-5865 (fax)
brad@pagelaw.com (email)

***Attorneys for Plaintiffs***

**1922-CC10802**

Electronically Filed - City of St. Louis - July 05, 2019 - 11:17 AM

In the
# CIRCUIT COURT
**City of St. Louis, Missouri**

Jill Browning
_____
Plaintiff/Petitioner

vs.

Apex Physical Therapy, LLC
_____
Defendant/Respondent

7/5/2019
_____
Date

_____
Case number

_____
Division

⌐                                    ⌐

         For File Stamp Only

└                                    ┘

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiff, Jill Browning                                  , pursuant
                    Requesting Party
to Local Rule 14, requests the appointment by the Circuit Clerk of

| | |
|---|---|
| Arthur Hidalgo | P.O. Box 66, Chesterfield, MO 63066   (314) 456-9318 |
| Name of Process Server | Address                                      Telephone |
| Bob Thomure | P.O. Box 23008, St. Louis, MO 63156   (314) 517-2798 |
| Name of Process Server | Address                                      Telephone |
| Rufus Harmon | P.O. Box 1784 Jefferson City MO 65102  (573) 635-6690 |
| Name of Process Server | Address                                      Telephone |

to serve the summons and petition in this cause on the below named parties.

SERVE:
Apex Physical Therapy, LLC
_____
Name
884 Woods Mill Road, Ste. 200
_____
Address
Ballwin, MO 63011
_____
City/State/Zip

SERVE:
Bradley R. Pfitzner
_____
Name
932 Brookhaven Lane
_____
Address
Sunrise Beach, MO 65079
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER**, Circuit Clerk

By_____
      Deputy Clerk

_____
Date

/s/ James E. Beal
_____
Attorney/Plaintiff/Petitioner
58514
_____
Bar No.
120 S. Central Ave. Ste.160 St. Louis MO63105
_____
Address
(314) 725-7577
_____
Phone No.

Electronically Filed - City of St. Louis - July 05, 2019 - 11:17 AM

**RULE 14 SPECIAL PROCESS SERVERS**

1. Any person appointed by the Court or the Circuit Clerk to serve process must have a license issued pursuant to this rule to serve process.

2. Licenses to serve process shall be issued by the Sheriff of the City of St. Louis if the applicant has met the following qualifications:

   a. Is twenty-one years of age or older;

   b. Has a high school diploma or an equivalent level of education;

   c. Has insurance coverage for any errors or omissions occurring in the service of process;

   d. Has not been convicted, pleaded guilty to or been found guilty of any felony, or of any misdemeanor involving moral turpitude; and,

   e. Has passed a training course for the service of process which shall be administered by the Sheriff of the City of St. Louis.

3. Each applicant for a process server license under the provisions of this rule shall provide an affidavit setting forth such person's legal name, current address, any other occupations and current telephone numbers.  Licensed process servers shall immediately notify the Sheriff of the City of St. Louis of any change in the above information, and the failure to do so shall constitute good cause for the revocation of such person's license.

4. The Sheriff of the City of St. Louis shall maintain a list of persons licensed to serve process pursuant to this rule, and shall make such list available to litigants upon request.

5. A photo identification card designed by the Sheriff of the City of St. Louis shall be issued in addition to the license.  No other identification will be allowed.  All licenses must be signed and approved by the Sheriff of the City of St. Louis and the Presiding Judge or his designee.

6. A license fee recommended by the Sheriff and approved by the Court En Banc shall be charged to cover the costs of compiling and maintaining the list of process servers and for the training of such process servers.  The license fees shall be made payable to the Sheriff of the City of St. Louis.

Electronically Filed - City of St. Louis - July 05, 2019 - 11:17 AM

7. A license for service of process issued under this rule may be revoked by the Sheriff with the approval of the Presiding Judge or his designee, for any of the following reasons:

   a. Misrepresentation of duty or authority;

   b. Conviction, guilty plea or finding of guilty of any state or federal felony, or a misdemeanor involving moral turpitude;

   c. Improper use of the license;

   d. Making a false return; or

   e. Any other good cause.

Provided, no service of process made by an appointed process server with a revoked license shall be void if the Court or Circuit Clerk made the appointment in good faith without knowledge of the license revocation.

8. Any person authorized to serve process may carry a concealed firearm as allowed by Section 506.145, RSMo, only while actually engaged in the service of process and only if the person has passed a firearms qualification test approved by a law enforcement agency; provided, however, that any licensed special process server may file a written waiver of the right to carry a concealed firearm and thereby avoid the requirements of firearm training and testing. Any violation of this section shall be considered beyond the scope of the privilege to carry a concealed weapon that is granted by the appointment, and shall constitute good cause for the revocation of the license.

9. Applications for the appointment of a special process server shall be made on forms available in the offices of the Sheriff and Circuit Clerk. Orders Appointing special process servers may list more than one licensed server as alternatives.

10. The licenses granted pursuant to this rule shall be good for two years. Each person granted a license shall be required to reapply at the expiration of the license and shall be required to provide all the information required in the initial application, including a current police record check.

(Approved 9/28/92; amended 11/23/92; 5/31/95; 12/17/07)

Electronically Filed - City of St. Louis - July 05, 2019 - 11:17 AM

**1922-CC10802**

In the
# CIRCUIT COURT
### City of St. Louis, Missouri

Jill Browning
_____
Plaintiff/Petitioner

vs.

Apex Physical Therapy, LLC
_____
Defendant/Respondent

7/5/2019
_____
Date

_____
Case number

_____
Division

┌                          ┐

        For File Stamp Only

└                          ┘

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiff, Jill Browning                                        , pursuant
                           Requesting Party
to Local Rule 14, requests the appointment by the Circuit Clerk of

Arthur Hidalgo                               P.O. Box 66, Chesterfield, MO 63066     (314) 456-9318
Name of Process Server                       Address                                Telephone
Bob Thomure                                  P.O. Box 23008, St. Louis, MO 63156     (314) 517-2798
Name of Process Server                       Address                                Telephone
Rufus Harmon                                 P.O. Box 1784 Jefferson City MO 65102   (573) 635-6690
Name of Process Server                       Address                                Telephone
to serve the summons and petition in this cause on the below named parties.

SERVE:                                       SERVE:
Apex Physical Therapy, LLC                   Bradley R. Pfitzner
Name                                         Name
884 Woods Mill Road, Ste. 200                932 Brookhaven Lane
Address                                      Address
Ballwin, MO 63011                            Sunrise Beach, MO 65079
City/State/Zip                               City/State/Zip

SERVE:                                       SERVE:
_____                  _____
Name                                         Name
_____                  _____
Address                                      Address
_____                  _____
City/State/Zip                               City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER, Circuit Clerk**

By_____
     Deputy Clerk

_____
Date

/s/ James E. Beal
Attorney/Plaintiff/Petitioner
58514
Bar No.
120 S. Central Ave. Ste.160 St. Louis MO63105
Address
(314) 725-7577
Phone No.



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>REX M BURLISON | Case Number: 1922-CC10802 | B THOMURE<br>SPECIAL PROCESS<br>SERVER |
|---|---|---|
| Plaintiff/Petitioner:<br>JILL BROWNING | Plaintiff's/Petitioner's Attorney/Address<br>JAMES E BEAL<br>120 SOUTH CENTRAL AVENUE<br>SUITE 160<br>vs.   CLAYTON, MO 63105 | |
| Defendant/Respondent:<br>APEX PHYSICAL THERAPY, LLC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Nature of Suit:<br>CC Other Tort | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  **BRADLEY R. PFITZNER**
Alias:

932 BROOKHAVEN LANE
SUNRISE BEACH, MO 65079

COURT SEAL OF

CITY OF ST LOUIS

| SPECIAL PROCESS SERVER |
|---|

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**July 8, 2019**
_____
Date

_Thomas Kloppinger_
_____
Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).
☐ other: _____

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____            _____
Printed Name of Sheriff or Server            Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____            _____
Date            Notary Public

### Sheriff's Fees, if applicable

| Summons | $_____ |
|---|---|
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* Document Id # 19-SMCC-14100      1 of 1      Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>REX M BURLISON | Case Number: 1922-CC10802 | |
|---|---|---|
| Plaintiff/Petitioner:<br>JILL BROWNING .<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JAMES E BEAL<br>120 SOUTH CENTRAL AVENUE<br>SUITE 160<br>CLAYTON, MO  63105 | B THOMURE<br>SPECIAL PROCESS<br>SERVER |
| Defendant/Respondent:<br> APEX PHYSICAL THERAPY, LLC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| Nature of Suit:<br>CC Other Tort | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  APEX PHYSICAL THERAPY, LLC
                    Alias:

STEVEN J ORAVEC, RAGT
884 WOODS MILL ROAD SUITE 200
BALLWIN, MO 63011

**SPECIAL PROCESS SERVER**

COURT SEAL OF

CITY OF ST LOUIS

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**July 8, 2019**
_____
Date

_Thomas Kloeppinger_
_____
Clerk

Further Information:

## Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____ (date).

_(Seal)_

My commission expires: _____
                                    Date

_____
Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $    10.00    |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on each defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - City of St. Louis - August 05, 2019 - 02:07 PM



## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>REX M BURLISON | Case Number:  1922-CC10802 | |
|---|---|---|
| Plaintiff/Petitioner:<br>JILL BROWNING | Plaintiff's/Petitioner's Attorney/Address<br>JAMES E BEAL<br>120 SOUTH CENTRAL AVENUE<br>SUITE 160<br>CLAYTON, MO  63105 | B THOMURE<br>SPECIAL PROCESS<br>SERVER |
| vs. | | |
| Defendant/Respondent:<br>APEX PHYSICAL THERAPY, LLC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| Nature of Suit:<br>CC Other Tort | | (Date File Stamp) |

### Summons in Civil Case

The State of Missouri to:  APEX PHYSICAL THERAPY, LLC
Alias:

STEVEN J ORAVEC, RAGT
884 WOODS MILL ROAD SUITE 200
BALLWIN, MO  63011

**SPECIAL PROCESS SERVER**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*CIRCUIT COURT OF MISSOURI*

**July 8, 2019**

_____ Date

*Thomas Kloeppinger*

_____ Clerk

*CITY OF ST LOUIS*

Further Information:

---

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _Andrew O'Donnell_____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:

_____ (name) _____ (title).

☐ other: _____

Served at _884 Woods Mill Rd. Ste 200_____ (address)

In _St Louis_____ (County/City of St. Louis), MO, on _26 July 2019_ (date) at _1150_ (time).

_Arthur Hidalgo_____         _Arthur Hidalgo_____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____        _____
_____ Date                                    Notary Public

---

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on each defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - City of St. Louis - August 14, 2019 - 10:30 AM

## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>REX M BURLISON | Case Number: 1922-CC10802 | |
|---|---|---|
| Plaintiff/Petitioner:<br>JILL BROWNING | Plaintiff's/Petitioner's Attorney/Address<br>JAMES E BEAL<br>120 SOUTH CENTRAL AVENUE<br>SUITE 160<br>CLAYTON, MO 63105 | B THOMURE<br>SPECIAL PROCESS<br>SERVER |
| vs. | | |
| Defendant/Respondent:<br>APEX PHYSICAL THERAPY, LLC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Nature of Suit:<br>CC Other Tort | | (Date File Stamp) |

### Summons in Civil Case

The State of Missouri to:  BRADLEY R. PFITZNER
Alias:

932 BROOKHAVEN LANE
SUNRISE BEACH, MO 65079

**SPECIAL PROCESS SERVER**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*CITY OF ST LOUIS*

July 8, 2019

_____        *Thomas Kloeppinger*
Date                                          Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
- ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
- ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
- ☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
- ☑ other: *Service is Non-est*

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

*Rufus R. Harmon*                                    *Rufus R. Harmon*
Printed Name of Sheriff or Server                  Signature of Sheriff or Server

HEATHER D. TURNER
Notary Public - Notary Seal          Must be sworn before a notary public if not served by an authorized officer:
STATE OF MISSOURI                    Subscribed and sworn to before me on  *Aug 8 2019* (date).
County of Callaway
My Commission Expires 10/19/2020     My commission expires:  *10/19/2020*                     _____
Commission # 16186126                                                      Date                                 Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $   10.00 | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| Total | $_____ | |

A copy of the summons and a copy of the petition must be served on each defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - City of St. Louis - August 14, 2019 - 10:30 AM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

JILL BROWNING,                )
                                 )
     Plaintiff,            )     Case No.: 1922-CC10802
                                 )
VS.                     )     Division: 1
                                 )
APEX PHYSICAL THERAPY, LLC AND  )
BRADLEY R. PFITZNER,       )
                                 )
     Defendants.        )

## **MEMORANDUM**

COMES NOW Plaintiff, Jill Browning, through undersigned counsel, hereby

requests alias summons to issue to Defendant Bradley R. Pfitzner for Plaintiff, to be

served by a Private Process Server obtained by Plaintiff's counsel.

Respectfully submitted,

By:    */s/  James E. Beal*
       Rogers Sevastianos & Bante LLP
       Noel A. Sevastianos, #45970
       James E. Beal, #58514
       120 South Central Avenue, Suite 160
       St. Louis, MO  63105-1705
       (314) 725-7577 (Phone)
       (314) 354-8271 (Fax)
       noel@rsblawfirm.com (email)
       jbeal@rsblawfirm.com (email)

Electronically Filed - City of St. Louis - August 14, 2019 - 10:30 AM

In the

# CIRCUIT COURT
## City of St. Louis, Missouri

Jill Browning
_____
Plaintiff/Petitioner

vs.

Apex Physical Therapy, LLC, et al.
_____
Defendant/Respondent

8/14/19
_____
Date

1922-CC10802
_____
Case number

1
_____
Division

┌                          ┐
     For File Stamp Only

└                          ┘

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiff Jill Browning _____, pursuant
                          Requesting Party
to Local Rule 14, requests the appointment by the Circuit Clerk of
Craig Ventimiglia, Kellerman Investigations      60 Main Street, Glen Carbon, IL 62034   (618) 288-6662
Name of Process Server                        Address                              Telephone
Rufus Harmon                              P.O. Box 1784 Jefferson CityMO 65102  (573) 635-6690
Name of Process Server                        Address                              Telephone
_____   _____   _____
Name of Process Server                        Address                              Telephone
to serve the summons and petition in this cause on the below named parties.

SERVE:                                        SERVE:
Bradley Pfitzner                              _____
Name                                          Name
932 Brookhaven Lane                           _____
Address                                       Address
Sunrise Beach, MO 65079                       _____
City/State/Zip                                City/State/Zip

SERVE:                                        SERVE:
_____               _____
Name                                          Name
_____               _____
Address                                       Address
_____               _____
City/State/Zip                                City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk

By_____
      Deputy Clerk

_____
Date

/s/ James E. Beal
_____
Attorney/Plaintiff/Petitioner
58514
_____
Bar No.
120 S. Central Ave. Ste. 160 Clayton MO 63105
_____
Address
(314) 725-7577
_____
Phone No.

Electronically Filed - City of St. Louis - August 14, 2019 - 10:30 AM

**RULE 14 SPECIAL PROCESS SERVERS**

1. Any person appointed by the Court or the Circuit Clerk to serve process must have a license issued pursuant to this rule to serve process.

2. Licenses to serve process shall be issued by the Sheriff of the City of St. Louis if the applicant has met the following qualifications:

   a. Is twenty-one years of age or older;

   b. Has a high school diploma or an equivalent level of education;

   c. Has insurance coverage for any errors or omissions occurring in the service of process;

   d. Has not been convicted, pleaded guilty to or been found guilty of any felony, or of any misdemeanor involving moral turpitude; and,

   e. Has passed a training course for the service of process which shall be administered by the Sheriff of the City of St. Louis.

3. Each applicant for a process server license under the provisions of this rule shall provide an affidavit setting forth such person's legal name, current address, any other occupations and current telephone numbers.  Licensed process servers shall immediately notify the Sheriff of the City of St. Louis of any change in the above information, and the failure to do so shall constitute good cause for the revocation of such person's license.

4. The Sheriff of the City of St. Louis shall maintain a list of persons licensed to serve process pursuant to this rule, and shall make such list available to litigants upon request.

5. A photo identification card designed by the Sheriff of the City of St. Louis shall be issued in addition to the license.  No other identification will be allowed.  All licenses must be signed and approved by the Sheriff of the City of St. Louis and the Presiding Judge or his designee.

6. A license fee recommended by the Sheriff and approved by the Court En Banc shall be charged to cover the costs of compiling and maintaining the list of process servers and for the training of such process servers.  The license fees shall be made payable to the Sheriff of the City of St. Louis.

Electronically Filed - City of St. Louis - August 14, 2019 - 10:30 AM

7. A license for service of process issued under this rule may be revoked by the Sheriff with the approval of the Presiding Judge or his designee, for any of the following reasons:

   a. Misrepresentation of duty or authority;

   b. Conviction, guilty plea or finding of guilty of any state or federal felony, or a misdemeanor involving moral turpitude;

   c. Improper use of the license;

   d. Making a false return; or

   e. Any other good cause.

   Provided, no service of process made by an appointed process server with a revoked license shall be void if the Court or Circuit Clerk made the appointment in good faith without knowledge of the license revocation.

8. Any person authorized to serve process may carry a concealed firearm as allowed by Section 506.145, RSMo, only while actually engaged in the service of process and only if the person has passed a firearms qualification test approved by a law enforcement agency; provided, however, that any licensed special process server may file a written waiver of the right to carry a concealed firearm and thereby avoid the requirements of firearm training and testing.  Any violation of this section shall be considered beyond the scope of the privilege to carry a concealed weapon that is granted by the appointment, and shall constitute good cause for the revocation of the license.

9. Applications for the appointment of a special process server shall be made on forms available in the offices of the Sheriff and Circuit Clerk.  Orders Appointing special process servers may list more than one licensed server as alternatives.

10. The licenses granted pursuant to this rule shall be good for two years.  Each person granted a license shall be required to reapply at the expiration of the license and shall be required to provide all the information required in the initial application, including a current police record check.

(Approved 9/28/92; amended 11/23/92; 5/31/95; 12/17/07)

Electronically Filed - City of St. Louis - August 14, 2019 - 10:30 AM

In the

# CIRCUIT COURT
## City of St. Louis, Missouri



Jill Browning
_____
Plaintiff/Petitioner

vs.

Apex Physical Therapy, LLC, et al.
_____
Defendant/Respondent

8/14/19
_____
Date

1922-CC10802
_____
Case number

1
_____
Division

⌐                    ⌐
     For File Stamp Only
∟                    ∟

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiff Jill Browning
_____, pursuant
                         Requesting Party
to Local Rule 14, requests the appointment by the Circuit Clerk of

Craig Ventimiglia, Kellerman Investigations     60 Main Street, Glen Carbon, IL 62034     (618) 288-6662
_____    _____    _____
Name of Process Server                                            Address                                        Telephone

Rufus Harmon                                                        P.O. Box 1784 Jefferson CityMO 65102     (573) 635-6690
_____    _____    _____
Name of Process Server                                            Address                                        Telephone

_____    _____    _____
Name of Process Server                                            Address                                        Telephone

to serve the summons and petition in this cause on the below named parties.

SERVE:                                                          SERVE:

Bradley Pfitzner
_____                     _____
Name                                                            Name

932 Brookhaven Lane
_____                     _____
Address                                                        Address

Sunrise Beach, MO 65079
_____                     _____
City/State/Zip                                                  City/State/Zip

SERVE:                                                          SERVE:

_____                     _____
Name                                                            Name

_____                     _____
Address                                                        Address

_____                     _____
City/State/Zip                                                  City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk

/s/ James E. Beal
_____
Attorney/Plaintiff/Petitioner

68514
_____
Bar No.

By_____
     Deputy Clerk

8-19-19

120 S. Central Ave. Ste. 160 Clayton MO 63105
_____
Address

_____
Date

(314) 725-7577
_____
Phone No.

Electronically Filed - City of St. Louis - August 14, 2019 - 10:30 AM

**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>REX M BURLISON | Case Number: 1922-CC10802 | |
|---|---|---|
| Plaintiff/Petitioner:<br>JILL BROWNING | Plaintiff's/Petitioner's Attorney/Address<br>JAMES E BEAL<br>120 SOUTH CENTRAL AVENUE<br>SUITE 160<br>CLAYTON, MO 63105 | B THOMURE<br>SPECIAL PROCESS<br>SERVER |
| vs. | | |
| Defendant/Respondent:<br>APEX PHYSICAL THERAPY, LLC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Nature of Suit:<br>CC Other Tort | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: BRADLEY R. PFITZNER
Alias:

932 BROOKHAVEN LANE
SUNRISE BEACH, MO 65079

COURT SEAL OF

**SPECIAL PROCESS SERVER**

CIRCUIT COURT OF MISSOURI

CITY OF ST LOUIS

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| July 8, 2019 | *Thomas Kloeppinger* |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☑ other: Service is non-est

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_Rufus R. Harmon_                          _Rufus R. Harmon_
Printed Name of Sheriff or Server            Signature of Sheriff or Server

HEATHER D. BYRNER
Notary Public - Notary Seal            Must be sworn before a notary public if not served by an authorized officer:
STATE OF MISSOURI                Subscribed and sworn to before me on __Aug 8 2019__ (date).
County of Callaway
My Commission Expires 10/19/2020      My commission expires: __10/19/2020__        _____
Commission # 16186126                                    Date            Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on each defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



**SPECIAL PROCESS SERVER**

### IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>REX M BURLISON | Case Number: 1922-CC10802 | Special Process Server 1 |
|---|---|---|
| Plaintiff/Petitioner:<br>JILL BROWNING | Plaintiff's/Petitioner's Attorney/Address<br>JAMES E BEAL<br>120 SOUTH CENTRAL AVENUE<br>SUITE 160<br>vs.  CLAYTON, MO 63105 | Special Process Server 2 |
| | | Special Process Server 3 |
| Defendant/Respondent:<br>APEX PHYSICAL THERAPY, LLC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Nature of Suit:<br>CC Other Tort | | (Date File Stamp) |

## Alias Summons in Civil Case

The State of Missouri to:  **BRADLEY R. PFITZNER**
　　　　　　　　　　　　　**Alias:**

932 BROOKHAVEN LANE
SUNRISE BEACH, MO 65079

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**August 19, 2019**

_____
Date

*Thomas Kloeppinger*
_____
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
　　　　　　　　　　　　　　　　Date

_____
Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $____10.00____ | |
| Mileage | $_____ ( _____ miles @ $._____ per mile) | |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.