Electronically Filed - City of St. Louis - July 05, 2019 - 11:17 AM

**1922-CC10802**

IN THE CIRCUIT COURT FOR THE 22ND JUDICIAL CIRCUIT,
ST. LOUIS CITY, MISSOURI

| | | |
|---|---|---|
| JILL BROWNING, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Cause No.: |
| vs. | ) | |
| | ) | Division: |
| APEX PHYSICAL THERAPY, L.L.C., | ) | |
| **Serve Registered Agent:** | ) | |
| **Steven J. Oravec** | ) | |
| **884 Woods Mill Road, Suite 200** | ) | **JURY TRIAL DEMANDED** |
| **Ballwin, MO 63011** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Bradley R. Pfitzner, | ) | |
| **Serve at: 932 Brookhaven Lane** | ) | |
| **Sunrise Beach, MO 65079** | ) | |
| | ) | |
| Defendant. | ) | |

## CLASS ACTION PETITION FOR DAMAGES

Plaintiff, Jill Browning, on behalf of herself and all other similarly situated Missouri

residents, alleges and avers the following for this class action against Defendant Apex Physical

Therapy, L.L.C.

### INTRODUCTION AND BACKGROUND

1.    This action is brought by the Plaintiff on behalf of herself and all other similarly

situated Missouri residents to remedy the unlawful billing practices of the Defendant Apex

Physical Therapy L.L.C., hereinafter "Defendant."

2.    Defendant, as described in detail below, routinely subverts the financial interests

of its patients for its own benefit and profit through unlawful and predatory billing practices.

3.    Defendant, through its employees, screens all new patients to determine if the

reason for treatment is an occurrence (such an auto accident, or fall) that may trigger the

Electronically Filed - City of St. Louis - July 05, 2019 - 11:17 AM

patient's right to recovery from a third party for damages arising out of the occurrence in question, such as from a third-party liability insurer.

4.      Upon information and belief, if the patient is identified as one whose health expenses may be eligible for third-party recovery, Defendant refuses to submit that patient's therapy bills to the patient's health insurance even when Defendant is contractually obligated to submit the bills to the health insurer in question.

5.      In the meantime, while refusing to submit therapy bills to the patients' health insurance, Defendant routinely seeks payment for the bills directly from those same patients. Defendant does so in a variety of ways including placing a lien on recovery from a third-party liability carrier, demanding cash payments from the patient, turning the patients' accounts over to a collection arm or agency, and by reporting the patients to credit bureaus thereby impairing the patients' credit scores.

6.      Defendant pursues such course of conduct despite the patients' having health insurance and being contractually entitled to have their health care expenses from Defendant be submitted to their health insurance for payment and processing.

7.      Upon information and belief Defendant is required by its contracts with patients' health insurance companies to submit their patients' therapy bills directly to such companies, including the named Plaintiffs in this case.

8.      Upon information and belief, Defendant is contractually obligated to honor a contractual discount with their patients' health insurance companies, including the named Plaintiff in this case.

9.      Upon information and belief, Defendant is precluded by its contracts with private health insurance companies, such as named Plaintiff's health insurers at the relevant time, from

Electronically Filed - City of St. Louis - July 05, 2019 - 11:17 AM

seeking payment directly from the patient, turning the bills over to collections, or filing liens on the patients' personal injury case.

10.     Defendant fails to inform patients at the time of treatment that they will not honor the patient's health insurance if the case involves a motor vehicle accident.

11.     In fact, Defendant's employees and representatives routinely tell their patients that their therapy bills will be paid by the "responsible party," or a similar term, and not the patient herself, and then write or enter the name of that third-party liability carrier into relevant forms created and maintained by Defendant in the section called "primary insurance" or "responsible party" or similar.

12.     By employing such a policy and business model Defendant has unlawfully violated the rights of Plaintiff and the Class Members as described more particularly below.

13.     Further, such conduct of Defendant, and its agents for which it is responsible, is outrageous, intentional, willful, wanton, and malicious, and otherwise shows a complete indifference to or conscious disregard of the rights of Plaintiff and the Class members such that punitive damages are appropriate and warranted.

## JURISDICTION AND VENUE

14.     Jurisdiction is proper in this Court pursuant to RSMO 506.500 et seq.

15.     Venue is proper in this County pursuant to RSMO 508.010.

## PARTIES AND FACTS COMMON TO ALL COUNTS

16.     Jill Browning is a resident of St. Louis City, Missouri. She sought treatment from Defendant at one of its facilities for injuries sustained in car accident that occurred on January 26, 2016 in St. Louis City. She treated with Defendant between February 3, 2016 and March 7, 2016. As a result of this treatment, Defendant billed her $5,381.00.

Electronically Filed - City of St. Louis - July 05, 2019 - 11:17 AM

17.    At the time Browning presented to Apex PT for treatment, she was insured by Coventry, and tendered this health insurance information to Defendant. Defendant's employee falsely told Browning that it did not need her health insurance, because the "responsible party" would cover her bills.

18.    Defendant Apex PT is an Illinois Limited Liability Company with multiple treatment locations in the state of Missouri, including in St. Louis City.

19.    Upon information and belief Defendant has done business at certain relevant times under the fictitious name "Apex Physical Therapy Network."

20.    Defendant Bradley R. Pfitzner was, at all relevant times, CEO of Defendant Apex PT and has direct, personal knowledge of the facts at issue in this petition.

## ALLEGATIONS COMMON TO ALL COUNTS

21.    At the time of intake, Defendant's representatives asked Plaintiff if she had been involved in a car accident. When she said yes, that representative then asked the Plaintiff if she knew the name of the liability insurer for the other driver involved in the MVA because this liability carrier, not Plaintiff's health insurer, would pay her physical therapy bills.

22.    Defendant never informed Plaintiff that it would actually seek payment directly from her by seeking to be paid for the charges mentioned above out of the Plaintiff's personal injury case or against Plaintiff personally.

23.    At no time did Defendant adequately explain to Plaintiff the impact on her of this business decision by Defendant.

24.    After Defendant made clear that it would seek payment directly form Plaintiff, Plaintiff made multiple requests that Defendant submit the bills to her health insurer, but Defendant refused to do so within a timely manner.

Electronically Filed - City of St. Louis - July 05, 2019 - 11:17 AM

25.    Upon information and belief, Defendant is required by its contracts with the named Plaintiff's health insurance company to submit her bills directly to such company for payment and processing.

26.    Defendant refused to submit the Plaintiff's bills as it was contractually obligated to do.

27.    Upon information and belief, Plaintiff was entitled to a contractual reduction in the amount of each of their bills from Defendant for therapy services she received, pursuant to her health insurer's agreement with Defendant.

28.    Upon information and belief, Defendant is obligated by the terms of its contract with Plaintiff's health insurer to submit a claim to that health insurer for reimbursement of charges incurred by way of delivering therapy services to Plaintiff when it became aware that Plaintiff was insured by an entity with which Defendant has a provider-insurer contract.

29.    By refusing to bill Plaintiff's health insurers Defendant has caused Plaintiff to incur a financial obligation she would otherwise not have had, and one she should not have as a result of the benefit derived from her health insurer at the relevant times.

30.    Upon information and belief, Defendant reported this delinquent account to the credit reporting bureaus and in so doing has harmed the Plaintiff's credit rating.

## CLASS ACTION ALLEGATIONS

31.    This action is brought as a plaintiff class pursuant to Missouri Rule of Civil Procedure 52.08.  Plaintiff brings this action on her own behalf and all others similarly situated, as representative of the following class:

> All Missouri residents who, since July 15, 2014 received any type of treatment or therapy from any entity located in Missouri that is owned or affiliated with Apex Physical Therapy L.L.C., while being covered by any valid health insurance plan, and whose

Electronically Filed - City of St. Louis - July 05, 2019 - 11:17 AM

health insurance claim resulting from that treatment was not submitted to their health insurer for payment and processing in a timely manner.

32.    The particular members of the class are capable of being described without difficult managerial or administrative problems.  In fact, the members of the Class are readily identifiable from the information and records in the possession and control of the Defendant because, upon information and belief, Defendant maintains an internal system to track which patients come to it for treatment based on occurrences which create the possibility that the patient will recover from a third-party.

33.    The Class consists of thousands of individual members and is, therefore, so numerous that individual joinder of all members is impractical.

34.    There are questions of law and fact common to the Class, which questions predominate over any questions affecting only individual members of the Class and, in fact, the wrongs suffered and remedies sought by Plaintiff and the other members of the Class are premised upon an unlawful scheme perpetuated uniformly upon all Class members.  The only material difference between the Class members' claims is the exact monetary amount to which each Class member is entitled.

35.    The principal common issues include, but are not limited to the following:

a.    Whether Defendant entered into express and/or implied agreements with various health insurance carriers providing, among other things, that health insurance claims should be promptly submitted to the carriers for payment.

b.    Whether Defendant violates its contract with various health insurance carriers by not submitting bills to the carrier, by turning patients' accounts over to collection, and/or by pursuing payment directly from the patients, whether by placing a lien on a personal injury case or otherwise;

c.    Whether Defendant violates its contract with various health insurance carriers by not offering a contractually agreed discount to patients covered by the policies;

Electronically Filed - City of St. Louis - July 05, 2019 - 11:17 AM

    d.      Whether Defendant unlawfully refused to submit the Plaintiffs' and the Class Members' bills to Plaintiffs' and Class Members' health insurance carriers for payment;

    e.      Whether Defendant unlawfully represents to new patients that a third-party liability carrier will pay the patient's bills incurred for services the patient obtains from Defendant, without adequately explaining that, in fact, the Defendant will seek payment directly from the patient including but not limited to by seeking to collect directly from the patient's potential third-party recovery;

    f.      Whether Defendant profited by refusing to submit its bills to the respective health insurance carriers for payment;

    g.      Whether Defendant has been unjustly enriched at the Plaintiffs' and the Class Members' expense through the above described misconduct;

    h.      Whether Defendant breached its duty of good faith and fair dealing to the Plaintiff and Class through the above described misconduct;

    i.      Whether Defendant violated the Missouri Merchandising Practices Act through the above described misconduct;

    j.      Whether Defendant has tortiously interfered with Plaintiff's and the Class members' express or implied contracts with their health insurance carriers;

    k.      Whether Defendant should be enjoined from continuing its unfair, discriminatory, and abusive conduct;

36.    Plaintiff's claims are typical of those of the Class and are based on the same legal and factual theories.

37.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.  Plaintiff has no claims antagonistic to those of the Class.  Plaintiff has retained competent and experienced counsel in class actions.  Counsel is committed to the vigorous prosecution of this action.

38.    Certification of a plaintiff class is appropriate in that Plaintiff and the Class members seek monetary damages, common questions predominate over any individual questions, and a plaintiff class action is superior for the fair and efficient adjudication of this controversy.

Electronically Filed - City of St. Louis - July 05, 2019 - 11:17 AM

39.     A plaintiff class will cause an orderly and expeditious administration of the Class Members' claim and economies of time, effort and expense will be fostered and uniformity of decisions will be ensured.  Moreover, the individual class members are unlikely to be aware of their rights and are not in a position (either through experience or financially) to commence individual litigation against the likes of the Defendant.

40.     Alternatively, certification of a plaintiff class is appropriate in that inconsistent or varying adjudications with respect to individual members of the Class would establish incompatible standards of conduct for the Defendant or adjudications with respect to individual members of the Class as a practical matter would be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

41.     The Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or correspondence declaratory relief with respect to the Class as a whole.

### COUNT I
### (Violation of the Missouri Merchandising Practices Act)

42.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

43.     RSMO 407.020 prohibits the "use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce."

44.     An "unfair practice" is defined by Missouri law, 15 CSR 60-8.020, as any practice which:

(A) Either-

Electronically Filed - City of St. Louis - July 05, 2019 - 11:17 AM

1. Offends any public policy as it has been established by the Constitution, statutes or common law of this state, or by the Federal Trade Commission, or its interpretive decisions; or

2. Is unethical, oppressive or unscrupulous; and

(B) Presents a risk of, or causes, substantial injury to consumers.

45.    An "unfair practice" is further defined by Missouri law, 15 CSR 60-8.040,

accordingly:

(1) It is an unfair practice for any person in connection with the advertisement or sale of merchandise to violate the duty of good faith in solicitation, negotiation and performance, or in any manner fail to act in good faith.

46.    "Merchandise" is defined by the MPA, at RSMO 407.010(4) to include the providing of "services" and, therefore, encompasses the providing of physical therapy services and billing for same.

47.    "Person" is defined by the MPA, at RSMO 407.010(5), to include and "for-profit or not-for-profit corporation … company … business entity or association, and any agent, employee, salesman, partner, officer, director, member, stockholder associate, trustee or cestui que trust thereof."

48.    The above described billing practices and related misconduct of Defendant violates the Missouri Merchandising Practices Act by, among other things, constituting an unfair practice and breach of the duty of good faith as required under the Act.

## COUNT II
### (Tortious Interference with Contract/Business Relationship)

49.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

50.    Plaintiff and the Class Members enjoyed a valid business relationship with their own health insurance providers by virtue of an express or implied contract that Plaintiff and each individual Class Member had with their health insurance carrier.

51.    Defendant was informed and had actual knowledge of the above described business relationship involving Plaintiff, the Class Members, and various health insurance carriers.

52.    Defendant intentionally interfered and prevented Plaintiff and the Class from receiving the benefit of their contractual business relationship. Defendant did so without justification in a malicious attempt to procure additional monies that it was not entitled to in reckless disregard for the damage and harm such action would have on Plaintiff and the Class.

53.    As a result of Defendant's misconduct of intentionally interfering with Plaintiff's and the Class members' business relationships, Plaintiff and the Class have suffered actual damages.

## COUNT III
### (Unjust Enrichment)

54.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

55.    As alleged above, Defendant has engaged in a pattern of subverting the financial interests and contractual agreements of Plaintiff and the Class – patients of its physical therapy practice – for its own pecuniary gain.

56.    Defendant has been unjustly enriched in that it received and retained benefits of proceeds to which it was not entitled to and received in violation of Missouri law.

57.    These benefits were unlawfully obtained to the detriment of Plaintiff and the Class members.

58.    Allowing Defendant to retain the aforementioned benefits violates fundamental principles of justice, equity, and good conscience.

Electronically Filed - City of St. Louis - July 05, 2019 - 11:17 AM

## PRAYER FOR DAMAGES AND RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all members of the Class respectfully pray for judgment against the Defendant as follows:

a)      For an order certifying that this action may be maintained as a class action and appointing Plaintiff and their counsel, to represent the Class;

b)      For a declaration that Defendant's actions violated the Plaintiff's and the Class members' rights under Missouri law as plead in Counts I through III;

c)      For all actual damages, statutory damages, penalties, and remedies available for the Defendant's violations of Plaintiff's and the Class member's rights under Missouri law;

d)      For a declaration that Defendant, through its actions and misconduct as alleged above, has been unjustly enriched and an order that Defendant disgorge any unlawfully gained proceeds;

e)      For pre-judgment interest as provided by law;
f)      For post-judgment interest as provided by law;
g)      For a permanent injunction enjoining Defendant from engaging in the unlawful billing practices as enumerated above;
h)      For a reasonable incentive fee to named Plaintiff for her time and effort in bringing this action;
i)      For an award to Plaintiff and the Class their reasonable attorneys' fees;
j)      For an award to Plaintiff and the Class of their costs and expenses of this action;
k)      For such other and further relief as the Court may deem necessary and proper.

Respectfully submitted,

By:     _/s/  James E. Beal_
        Rogers Sevastianos & Bante LLP
        Noel A. Sevastianos, #45970
        James E. Beal, #58514
        120 South Central Avenue, Suite 160
        St. Louis, MO  63105-1705
        (314) 725-7577 (Phone)
        (314) 354-8271 (Fax)
        noel@rsblawfirm.com (email)
        jbeal@rsblawfirm.com (email)

Electronically Filed - City of St. Louis - July 05, 2019 - 11:17 AM

Page Law
J. Brad Wilmoth, #56922
9930 Watson Road, Suite 100
St. Louis, MO 63126
(314) 835-5817 (phone)
(314) 835-5865 (fax)
brad@pagelaw.com (email)

***Attorneys for Plaintiffs***