UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JILL BROWNING, on her own behalf and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:19-CV-02395-JAR |
| APEX PHYSICAL THERAPY, LLC, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Apex Physical Therapy, LLC's Motion to Dismiss. (Doc. No. 6). The motion is fully briefed and ready for disposition.

**I.  Background**

Plaintiff Jill Browning brought this class action in the St. Louis County Circuit Court against Defendant Apex Physical Therapy, LLC ("Apex PT") asserting claims for violations of the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.020 *et seq*. (Count I); Tortious Interference with Contract/Business Relationship (Count II); and unjust enrichment (Count III). Plaintiff's allegations, which will be accepted as true for the purposes of this Order, are as follows. Plaintiff is a St. Louis City resident who sustained injuries in a car accident that occurred on January 26, 2016. (Compl., Doc. No. 4, at ¶ 16). She sought treatment for these injuries at Apex PT, where she brought and presented proof of her insurance through Coventry. (*Id.* at ¶¶ 16-17). During intake, an Apex PT employee asked Plaintiff if her injuries had been caused by a car accident. When Plaintiff confirmed that she had been in a car accident, the Apex PT employee told her it did not need her health insurance information because her insurance would not be liable for her medical bills. (*Id.* at ¶ 17). Instead, the Apex PT employee asked Plaintiff to

1

provide the name of the liability insurer for the other driver involved in the car accident because, as the "responsible party," this entity would cover her bills. (*Id.* at ¶¶ 17, 21).

At the end of her treatment, however, Apex PT informed Plaintiff that it would in fact be seeking payment from her directly—either from the personal injury case against the other driver or from her personally—for the total cost of the services. (*Id.* at ¶¶ 22, 24). After learning about Apex PT's intentions to charge her personally, Plaintiff made multiple requests that Apex PT submit the services to Coventry. (*Id.* at ¶ 24). Apex PT refused to do so and the time has now lapsed for the services to be covered. (*Id.*). Apex PT charged Plaintiff for services she received between February 3, 2016 and March 7, 2016, as if she was uninsured. (*Id.* at ¶ 16). As a result, her bill for Apex PT totaled $5,381. (*Id.*). Plaintiff has not yet paid Apex PT for its services, and she believes that Apex PT has reported the delinquent account to credit reporting bureaus thereby harming her credit rating. (*Id.* at ¶¶ 29-30).

Plaintiff seeks to represent a class of Missouri residents who received treatment at any entity associated with Apex Physical Therapy, LLC while being covered by a valid health insurance plan and whose health insurance claims were not timely submitted to their insurer. (*Id.* at ¶ 31). Plaintiff believes that Apex PT engages in a scheme in which it (1) identifies patients who may recover from a third party, (2) represents to these patients that the third party will pay their bills, (3) refuses to submit the patients' health insurance claims to their insurers, and (4) then bills the patients personally at the higher uninsured rate for services. Defendant removed this matter to this Court on August 23, 2019. On August 28, 2019, it moved to dismiss the Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. Legal Standard

When ruling on a motion to dismiss, the court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). A dismissal under Rule 12(b)(6) should be granted "only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004) (quoting *Frey v. Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995)). The issue on a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his or her claim. *Schuer v. Rhodes*, 416 U.S. 232, 236 (1976). However, to avoid dismissal under Rule 12(b)(6), "the complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Briehl v. Gen. Motors Corp.*, 172 F.3d 623, 627 (8th Cir. 1999) (internal citation omitted).

## III. Discussion

### A. MMPA – Count I

The MMPA aims to protect consumers by expanding the common law definition of fraud "to preserve fundamental honesty, fair play and right dealings in public transactions." *Murphy v. Stonewall Kitchen, LLC*, 503 S.W.3d 308, 310-11 (Mo. Ct. App. 2016) (citing *State ex rel. Danforth v. Independence Dodge, Inc.*, 494 S.W.2d 362, 368 (Mo. App. 1973)). Under the MMPA, a plaintiff must show that (1) she purchased merchandise from the defendant; (2) for personal, family, or household purposes; and (3) suffered an ascertainable loss; (4) as a result of an unlawful practice. Mo. Rev. Stat. § 407.025(1). A private right of action exists only when a plaintiff both purchases and suffers damage. Mo. Rev. Stat. § 407.025(1); *Cregan v. Mortg. One*

*Corp.*, No. 4:16-CV-387-RWS, 2016 WL 3072395, at *4 (E.D. Mo. June 1, 2016). Therefore, to survive a motion to dismiss, a plaintiff must plead facts showing that she both purchased merchandise and suffered a present, pecuniary loss. *See Grawitch v. Charter Commc'ns, Inc.*, 750 F.3d 956, 960 (8th Cir. 2014) (plaintiff must demonstrate a pecuniary loss); *Freeman Health Sys. v. Wass*, 124 S.W.3d 504, 508 (Mo. Ct. App. 2004) (plaintiff's loss must be presently ascertainable). A plaintiff cannot establish an MMPA claim by alleging potential damages. *Cregan*, No. 4:16 CV 387 RWS, 2016 WL 3072395, at *4 (citing *Roberts v. BJC Health Sys.*, 391 S.W.3d 433, 439 (Mo. 2013)).

Apex PT argues that Plaintiff has failed to state a claim under the MMPA because she did not allege that she has paid for the medical services she received and, as a result, has not purchased merchandise and suffered an ascertainable loss. Apex PT offers *Freeman Health System v. Wass* for comparison. 124 S.W.3d at 504. In *Freeman*, an uninsured patient suffered a serious injury and sought treatment from a healthcare provider. Before receiving care, the patient agreed that he would pay the "usual and customary charges" for the medical services provided. *Id.* at 506. When the bill came due, however, the patient did not remit any payment. *Id.* The provider sought a judgment for the payment and the patient counterclaimed, arguing that the provider violated the MMPA by charging him more for medical services than the customary charges for services in the locale after falsely representing that the prices were usual and customary. *Id.* The patient in *Freeman* argued that—even though he had not paid anything—the provider still caused him to suffer an ascertainable loss of money and property through the act of charging him for the services. *Id.* The Court disagreed and found that the patient's financial obligation to pay for the services was not an ascertainable loss. *Id.* at 508. ("In the instant matter, however, Appellant has paid nothing. He cannot therefore reasonably assert that he has been damaged when in fact he is still

ahead for the medical goods and services he received and for which he never paid."). As a result, the patient failed to state a claim under the MMPA and his counterclaim was dismissed.

In response, Plaintiff contends that she has adequately pleaded the MMPA claim. Specifically, she claims that the MMPA protects against the ascertainable loss of both money and property and that a vested right in health insurance is a "substantial and valuable" property right. Plaintiff argues that Apex's "scheme"—to treat insured patients who might recover from a third party as uninsured and then seek payment from them directly—deprives them of their property right in health insurance by creating an obligation for them to pay the "uninsured price" for their medical services. Plaintiff states that Apex PT's reliance on *Freeman* is misplaced because, even though both Plaintiff and the patient in *Freeman* did not pay for the medical services, only Plaintiff here lost her right to be treated as an insured person. Plaintiff argues Apex PT violated the MMPA by stripping her of her property interest in health insurance, resulting in the wrongful creation of a financial obligation.

The Court finds *Freeman* instructive in this case and is persuaded that Plaintiff has failed to allege facts proving that she purchased merchandise and suffered an ascertainable loss. *Freeman* stands for the principle that the act of charging a plaintiff for a service—even if the charge may be wrongful—does not constitute an ascertainable loss. Here, Plaintiff does not claim that she paid any portion of the $5,381 bill; rather, she alleges that Apex PT wrongly charged her without recognizing her insured status. As in *Freeman*, Plaintiff's financial obligation exists as a potential, future damage which is not recognized as a present, pecuniary loss under the MMPA.

Because Plaintiff has not alleged facts showing that she suffered an ascertainable loss, the Court will dismiss Plaintiff's MMPA claim.[1]

### B. Tortious Interference with Contract/Business Relationship – Count II

To state a claim for tortious interference with a contract or business relationship, the plaintiff must allege facts showing "(1) a contract or a valid business expectancy; (2) defendant's knowledge of the contract or relationship; (3) intentional interference by the defendant inducing or causing a breach of the contract or relationship; (4) absence of justification; and (5) damages resulting from a defendant's conduct." *Cent. Tr. & Inv. Co. v. Signalpoint Asset Mgmt., LLC*, 422 S.W.3d 312, 324 (Mo. 2014) (quoting *Western Blue Print Co. v. Roberts*, 367 S.W.3d 7, 19 (Mo. banc 2012)). If a defendant has a legitimate economic interest in the contract or relationship sought to be protected, then plaintiff must plead facts showing that the defendant used improper means to interfere; improper means are independently wrongful acts, "such as threats, violence, trespass, defamation, misrepresentation of fact . . . or any other wrongful act recognized by statute or common law." *Nazeri v. Mo. Valley Coll.*, 860 S.W.2d 303, 317 (Mo. 1993).

Apex PT argues that Plaintiff failed to allege facts showing an interference with a contract or business relationship, absence of justification, and damages. Specifically, Apex PT states that Plaintiff failed to describe (1) how Apex PT interfered with Plaintiff's contract with her insurer and (2) how Apex PT engaged in a wrongful act recognized by statute or common law.

---

[1] Plaintiff also alleges that, "Upon information and belief, Defendant reported [the] delinquent account to the credit reporting bureaus and in so doing has harmed the Plaintiff's credit rating." (Compl. at ¶ 30). In her response to Apex PT's motion to dismiss, Plaintiff does not argue that the harm to her credit rating is an ascertainable loss under the MMPA. To the extent Plaintiff intended to plead the impairment to her credit score as a loss under the MMPA, the Court finds that the claim still fails as Plaintiff has not pleaded facts to show that she has purchased the medical services and that the damage to her credit score is an ascertainable loss.

Plaintiff, in response, argues that her complaint adequately pleads tortious interference. In her Complaint, taken as true, Plaintiff alleges that she had a contractual business relationship with her insurer Coventry that Apex PT was made aware of at intake. Apex PT represented to Plaintiff that her medical bills did not need to be submitted to her insurance because a third party would cover them, thereby omitting the fact that it would be directly seeking payment from Plaintiff. Once Plaintiff was made aware that she would be personally liable for the payments, she requested Apex PT to submit health insurance claims for the services. Apex PT refused to do so, allowing the claims to lapse and depriving Plaintiff of the benefits of her contract with Coventry.

A motion to dismiss tests the sufficiency of the complaint, not whether the plaintiff will ultimately prove or prevail on the claim. The Court is satisfied that Plaintiff has presented adequate facts alleging interference, absence of justification, and damages. At this stage of the litigation, the allegations of the Complaint are sufficient to withstand Defendant's challenge.

### C. Unjust Enrichment – Count III

To state a claim for unjust enrichment, a plaintiff must allege (1) a benefit was conferred upon the defendant, (2) at the expense of the plaintiff, and (3) it would be unjust to allow the defendant to retain the benefit. *Federated Mut. Ins. Co. v. Peery's Auto Parts, LLC*, 2012 WL 3062720, at *2 (W.D. Mo. July 26, 2012). Apex PT argues that Plaintiff failed to allege facts showing that it unjustly retained a benefit from Plaintiff because Plaintiff has not alleged that she has paid anything to Apex PT. In response, Plaintiff argues that the benefit conferred and retained by Apex PT is the benefit of charging patients directly for the uninsured price for its services, which it unjustly obtained by misrepresenting to the patients that Apex PT will seek payment from a third party rather than from them directly. Plaintiff has provided no authority in support of her

claim that, because Apex PT has charged her, that Plaintiff has therefore conferred a benefit unto Apex PT that it has thus retained.

Upon review, the Court finds that Plaintiff has failed to adequately plead her unjust enrichment claim. Unjust enrichment provides an equitable remedy through which a wrongly benefitted party is required to return a benefit to the plaintiff. Plaintiff has not alleged that she has paid anything to Apex PT that could be returned and, as such, she has failed to show that she has conferred a benefit upon Apex PT which it then unjustly retained. Therefore, she has failed to state a cause of action and her unjust enrichment claim will be dismissed.

**IV.     Conclusion**

For the foregoing reasons, the Court finds that Defendant's motion to dismiss will be granted in part and denied in part.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Apex Physical Therapy, LLC's motion to dismiss (Doc. No. 6) is **GRANTED in part and DENIED in part**. Defendant's motion is granted as to Counts I and III of Plaintiff Jill Browning's Complaint; her MMPA and unjust enrichment claims will be **dismissed without prejudice**. The motion is denied as to Plaintiff's tortious interference with contract/business relationship claim.

**IT IS FUTHER ORDERED** that Defendant Apex Physical Therapy, LLC will file its answer to the complaint within **fifteen (15) days** of this order.

Dated this 25th day of March, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE