# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JILL BROWNING, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:19-CV-02395 JAR ) |
| APEX PHYSICAL THERAPY | ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's Motion for Leave to Submit Additional Factual Documents, (Doc. No. 55), and Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. No. 56). Defendant does not oppose Plaintiff's Motion for Leave to Submit Additional Factual Documents, (Doc. No. 57), but does oppose Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. No. 58). The motions are fully briefed and ready for disposition. For the reasons set forth below, Plaintiff's motion for leave to submit additional factual documents will be granted and Plaintiff's motion for leave to file an amended complaint will be denied.

**Background**

On August 23, 2019, Defendant removed this case from St. Louis City Circuit Court. (Doc. No. 1). Plaintiff alleges claims arising out of the Defendant's failure to bill Plaintiff's insurer for physical therapy services. Defendant moved to dismiss all of Plaintiff's claims. (Doc. No. 6). On March 25, 2020, this Court dismissed all of Plaintiff's claims except Plaintiff's claim for tortious interference with a contract. (Doc. No. 15).

On July 31, 2020, Defendant moved for summary judgment on Plaintiff's remaining claim. (Doc. No. 24). Plaintiff indicated in her response to Defendant's motion for summary judgment

that "the exact amount of damages will be determined at trial" and that discovery on these matters is ongoing. (Doc. No. 35). In light of Plaintiff's representation that additional discovery will uncover material facts, the Court ordered Plaintiff to submit in writing what additional discovery was required to determine damages. (Doc. No. 41). Plaintiff filed a response to the order. (Doc. No. 43). The Court then ordered the parties to meet and confer to attempt to resolve discovery issues. (Doc. No. 47). The parties discussed what discovery was required and Defendant supplied Plaintiff with additional documents. (Doc. No. 48-49). Plaintiff then supplemented its opposition to summary judgment. (Doc. No. 49). The deadline to file a motion for amendment of complaint pursuant to the Case Management Order was on August 1, 2020. (Doc. No. 20).

This case was referred to Alternative Dispute Resolution on November 5, 2020. (Doc. No. 51). The parties engaged in mediation on December 18, 2020. (Doc. No 53). At mediation, Defendant produced six pages of documents ("Intake Documents") to Plaintiff for the first time. (Doc. No. 55). These documents are the forms Plaintiff filled out during intake. Plaintiff does not contend that the failure to produce these documents was intentional. Plaintiff now moves to submit these additional documents, (Doc. No. 55), and to file an amended complaint. (Doc. No. 56).

**Motion to submit additional documents**

Plaintiffs ask that the Court consider the Intake Documents, and arguments related to those documents, when it rules on Defendant's Motion for Summary Judgment. (Doc. No. 24). Defendant does not oppose Plaintiff's motion, instead arguing that even considering the additional evidence, summary judgment in its favor is still appropriate. The Court will consider the additional evidence in ruling on Defendant's Motion for Summary Judgment.

**Motion to Amend Complaint**

It is well established that a "motion for leave to amend filed outside the district court's Rule 16(b) scheduling order requires a showing of good cause." Kmak v. American Century Cos., Inc., 873 F.3d 1030, 1034 (8th Cir. 2017) (quoting Williams v. TESCO Servs., Inc., 719 F.3d 968, 977 (8th Cir. 2013)). "The primary measure of good cause is the movant's diligence." Id. (quoting Harris v. FedEx Nat'l LTL, Inc., 760 F.3d 780, 786 (8th Cir. 2014)). A court may also deny leave to amend when there is a showing of one of the following "compelling reasons:" "undue delay, bad faith[ ] or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." Id. Furthermore, it is not an abuse of discretion to deny a motion to amend the pleadings where the nonmoving party has moved for summary judgment. See Davis v. City of St. John, 182 Fed. App'x. 626, 627 (8th Cir. 2006) (unpublished per curiam) (affirming denial of leave to amend where plaintiffs sought to amend their complaint eight months after the Case Management Order's deadline for amendment of pleadings).

Pursuant to the initial Case Management Order, the deadline for amending pleadings was August 1, 2020. (Doc. No. 20). Thus, Plaintiff must show good cause for the amendment under Rule 16(b)(4). Kmak, 873 F.3d at 1034. Plaintiff contends that amendment is required here because the Intake Documents are new evidence of Defendant's alleged scheme and the new information "simplifies class certification." (Doc. No. 56 at 2). Defendants respond that leave to amend should be denied because Plaintiff has not articulated what their amendment would include, Defendant would be prejudiced by amendment as they have already filed for summary judgment, amendment is futile, and Plaintiff's motion is a bad faith attempt to prolong litigation.

Plaintiff has not attached a proposed amended complaint, nor has she attempted to explain what alterations the amendment would make to her complaint. Because Plaintiff has not explained why or how these new documents affect her claim, her motion to amend will be denied. See Verhein v. South Bend Lathe, Inc., 598 F.2d 1061, 1063 (7th Cir. 1979) (denying motion to amend where plaintiff did not attach a proposed amended complaint or explain in brief how complaint would be amended.)

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint [56] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Supplement the Record [55] is **GRANTED**.

Dated this 8th day of January, 2021.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**